# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RICHARD CAMPBELL,

    Plaintiff,

v.                                              CIVIL ACTION NO.: CV208-094

MICHAEL J. ASTRUE, Commissioner
of Social Security

    Defendant.

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report, wherein he recommended that the decision of the Commissioner of the Social Security Administration be affirmed. In his Objections, Plaintiff contends that the Magistrate Judge made a fundamental error in making a finding of fact not supported in the record. (Doc. No. 20, pp. 1-3). Plaintiff specifically finds fault with the Magistrate Judge's statement that Dr. Novack's opinion that Plaintiff was not totally disabled from any and all types of work indicated that he was able to perform sedentary work. (Id. at 2) (citing Doc. No. 18, p. 10). Plaintiff further contends that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") properly discounted the opinion of Dr. Snow, his treating physician. (Doc. No. 20, pp. 4-6).

Plaintiff's assertions are without merit. Even assuming that Dr. Novack's statement could not be considered as evidence that Plaintiff could perform sedentary work, there is other evidence of his ability to perform sedentary work in the record. As noted by the Magistrate Judge, the comparison point decision ("CPD") found that Plaintiff's residual functional capacity restricted him to sedentary work with the need to elevate his right leg three times per day for forty minutes. The Magistrate Judge further noted that Plaintiff is no longer required to elevate his leg to that extent. As such, Plaintiff demonstrated the actual improvement necessary to terminate his benefits. See 20 C.F.R. § 404.1594(b)(3).

Plaintiff's assertion that the Magistrate Judge erred in finding that the ALJ properly discounted the opinion of his treating physician is also without merit. Plaintiff appears to mischaracterize the role of the Court in Social Security cases. The role of the Court is to ensure that the ALJ's determination, and thus, that of the Commissioner, is supported by substantial evidence and that the proper legal standards were applied. This Court is not to reweigh or otherwise evaluate the evidence presented at the administrative level. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (noting that a reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner and that, even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence).

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. Plaintiff's Complaint is

**DISMISSED**. The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

      **SO ORDERED**, this 6 day of July, 2009.

                                         HONORABLE LISA GODBEY WOOD
                                         UNITED STATES DISTRICT JUDGE